NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2007
Decided February 1, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-3498

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> JERRY WASHINGTON, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Eastern District of Wisconsin <br><br> No. 04-CR-285-029 <br><br> J.P. Stadtmueller, <br> *Judge.* |

**O R D E R**

Jerry Washington was a low-level associate with the Cherry Street Mob, a gang involved in drug trafficking in Wisconsin. He conspired with that gang to distribute cocaine and crack, an offense to which he later pleaded guilty. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; 18 U.S.C. § 2. Because he briefly absconded before his sentencing hearing, the probation officer recommended increasing Washington's guidelines offense level for obstructing justice, *see* U.S.S.G. § 3C1.1, and refusing to give him a downward adjustment for accepting responsibility for his offense, *see* U.S.S.G. § 3E1.1. At sentencing, he objected to the latter recommendation based on his assistance with the investigations of other Cherry

Street Mob members and his timely guilty plea. The government agreed and so did the court. The government then moved for a 78-month sentence, below both the guidelines imprisonment range of 100 to 125 months and the 10-year statutory minimum, to reflect Washington's substantial assistance in the investigations of his gang's drug trafficking and other crimes. *See* U.S.S.G. § 5K1.1; 18 U.S.C. § 3553(e). Washington asked for an even lower sentence, but in the interest of "uniformity and proportionality" and in light of the sentencing factors enumerated in 18 U.S.C. § 3553(a), the court sentenced Washington to 78 months' imprisonment.

Washington filed a timely notice of appeal, but his appointed counsel now moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Washington to respond to counsel's motion, *see* CIR. R. 51(b), but he has not done so. We therefore confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Washington can challenge the validity of his plea agreement. But counsel has advised us that Washington does not want his guilty plea set aside; thus, he appropriately refrains from discussing the adequacy of the guilty plea colloquy or the voluntariness of Washington's plea. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Counsel next considers whether Washington could argue that the court should have sentenced him even further below the guidelines range. Where, as here, the correctness of the guideline calculation is not an issue, our review is limited to "whether the sentence imposed, be it within or without the Guidelines range, is reasonable." *United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006). And as we have previously noted, "[i]t is hard to conceive of below-range sentences that would be unreasonably high." *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005). In this case, the district court considered the factors under § 3553(a), including Washington's substantial assistance with the Cherry Street Mob investigations, the seriousness of his underlying offense, and the need to provide adequate deterrence to Washington and others in the community. In light of the district court's analysis of these relevant factors, we agree with counsel that it would be frivolous to argue that Washington's below-guidelines sentence was unreasonably high.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.